UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C.C., a minor, by and through his Guardians Ad Litem, Lindsay Calihan and Christopher Calihan; LINDSAY CALIHAN, an individual; and CHRISTOPHER CALIHAN, an individual,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA; SCRIPPS HEALTH, a California corporation, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 20cv1489-JM(KSC)<br><br>**ORDER GRANTING THE PARTIES' JOINT MOTION TO EXTEND EXPERT DISCOVERY DEADLINES [Doc. No. 24.]**<br><br>**AMENDED SCHEDULING ORDER** |

　　　　Before the Court is the parties' Joint Motion to Extend the Expert Discovery Deadlines. [Doc. No. 24.] The parties are seeking additional time to complete expert discovery so that they "can continue to evaluate the case and negotiate towards potential resolution before incurring the significant expenses associated with expert discovery." [Doc. No. 24, at p. 2.] In addition, the primary attorney for defendant Scripps Health

recently retired, and the new attorney would like time to get up to speed on the case, as the parties have completed a significant amount of discovery.  [Doc. No. 24, at p. 2.]  Good cause appearing, **IT IS HEREBY ORDERED** that the parties' Joint Motion is GRANTED.  [Doc. No. 24.]  Accordingly, **IT IS FURTHER ORDERED** that:

    1.    A telephonic Status Conference will be held on ***October 25, 2021*** at ***9:30 a.m.*** before **Magistrate Judge Karen S. Crawford**.  The purpose of the conference is to discuss the status of the case and set a timetable and schedule for expert discovery of neuropsychological issues.  ***No later than five (5) days prior to this Status Conference***, the parties must submit a joint statement advising the Court of the status of discovery.  The parties should follow the steps below to participate in the conference call:  Dial the toll-free number:  1-877-873-8017; enter the Access Code:  2924630 (participants will then be put on hold until the Court activates the conference call); and when prompted, press * to bypass the Security Code.

    2.    All fact discovery, except for any neuropsychological evaluation(s) of the minor plaintiff, shall be completed by all parties by **October 8, 2021**.  "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.  **Counsel shall promptly and in good faith meet and confer regarding all discovery disputes in compliance with Local Rule 26.1(a).**  The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.   If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules.  **A failure to comply in this regard will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

     3.      Expert discovery will proceed in the usual course following the completion of fact discovery, except that any neuropsychological evaluation(s) of the minor plaintiff and any related expert discovery, will be completed when the minor plaintiff reaches the age of three and one-half or four years of age.  In other words, any neuropsychological evaluation(s) of the minor child and any related expert discovery is *__bifurcated__* from all other expert discovery.  Deadlines for this expert discovery will be set at a future Status or Case Management Conference once the parties know the date(s) when the neuropsychological evaluation(s) of the minor plaintiff will be completed.

     4.      The parties shall designate their respective experts in writing by __November 4, 2021__.  The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts shall be by __November 18, 2021__.  The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

     5.      By __December 16, 2021__, each party shall comply with the expert disclosure provisions in Rule 26(a)(2)(B) and (C) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  Additionally, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3).  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

/ / /

6. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **December 30, 2021**.

7. All expert discovery shall be completed by all parties by **January 27, 2022**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

8. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

9. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

10. The dates and times set forth herein will not be modified except for good cause shown.

11. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

Dated: July 30, 2021

Hon. Karen S. Crawford
United States Magistrate Judge