UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C.C., a minor, by and through his Guardians Ad Litem, Lindsay Calihan and Christopher Calihan; LINDSAY CALIHAN, an individual; and CHRISTOPHER CALIHAN, an individual,<br><br>              Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA; SCRIPPS HEALTH, a California corporation, et al.,<br><br>              Defendants. | Case No.: 20cv1489-JM(KSC)<br><br>**ORDER GRANTING THE PARTIES' JOINT REQUEST TO EXTEND EXPERT DISCOVERY DEADLINES [Doc. No. 26.]**<br><br>**SECOND AMENDED SCHEDULING ORDER** |

Before the Court is the parties' Joint Request to Extend the Expert Discovery Deadlines. [Doc. No. 26.] The reason for the request is that the parties need additional time to obtain records from plaintiff's current treating pediatric neurologist, Louis Manganas, M.D., so that a life care plan can be developed with the hope that it will lead to a settlement of the case. Good cause appearing, **IT IS HEREBY ORDERED** that the parties' Joint Request is GRANTED. [Doc. No. 26.] *However, the parties should not expect the Court to be amenable to any further requests to extend time*.

**IT IS FURTHER ORDERED** that:

1. In their Joint Request, the parties represent that fact discovery is complete except for relevant records from plaintiff's current treating pediatric neurologist, Louis Manganas, M.D. In the Court's view, these are records that should already have been produced, and counsel and the parties are expected to cooperate in the efforts to have these records produced to defendants *as soon as possible*. <u>**No later than November 19, 2021**</u>, counsel shall file a joint status report outlining: (1) efforts to obtain all relevant records from Dr. Manganas; and (2) when Dr. Manganas is expected to produce all relevant records.

2. The parties shall designate their respective experts in writing by **February 2, 2022**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **February 16, 2022**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. By **March 16, 2022**, each party shall comply with the expert disclosure provisions in Rule 26(a)(2)(B) and (C) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. Additionally, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3). **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **March 30, 2022**.

5. All expert discovery shall be completed by all parties by **April 27, 2022**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

6. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

7. A Mandatory Settlement Conference shall be conducted on **May 16, 2022** at **9:30 a.m.** in the chambers of **Magistrate Judge Karen S. Crawford**. Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers by **May 9, 2022**. All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

8. All other pretrial motions must be filed by **June 6, 2022**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a hearing on a motion and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions *in limine* are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

9. In jury trial cases before Judge Miller, neither party is required to file Memoranda of Contentions of Fact and Law.

10. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **August 12, 2022**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

11. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **August 19, 2022**. At this meeting, counsel shall discuss and attempt to enter into

stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

12. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **August 26, 2022**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

13. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **September 2, 2022**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

14. The final Pretrial Conference is scheduled on the calendar of the **Honorable Jeffrey T. Miller** on **September 9, 2022** at **8:30 a.m**. A trial will be held before the Honorable Jeffrey T. Miller, United States District Court Judge, on **October 17, 2022** at **10:00 am**.

15. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

16. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

17. The dates and times set forth herein will not be modified except for good cause shown.

18. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge.

No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

19. All other terms and conditions of the prior Scheduling Orders remain in full force and effect. [Doc. Nos.

**IT IS SO ORDERED.**

Dated: November 1, 2021

Hon. Karen S. Crawford
United States Magistrate Judge